IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge R. Brooke Jackson

Civil Action No. 1:21-cv-00573-RBJ

FIORISCE, LLC

    Plaintiffs,

v.

PERDOCEO EDUCATION CORPORATION
COLORADO TECHNICAL UNIVERSITY, INC.

    Defendants.

---

## MINUTE ORDER

**ENTERED BY SENIOR JUDGE R. BROOKE JACKSON**

The Court has reviewed the parties' proposed Scheduling Order. We need to have a telephonic or VTC scheduling conference to discuss the schedule. Please contact Chambers to arrange a time. In the conference we should discuss at least these topics:

1. Trial Date. With a dispositive motions date of August 24, 2026, you would be looking at a trial sometime in December 2026 at the earliest, probably January 2027 or later in a case filed in 2021. Two contributors to the delay to date have been the government's lengthy investigation as to whether to intervene and CTU's premature appeal. However, we should discuss why it will take approximately another two years to get the case tried (and with a possible appeal and even new trial, possibly a case that extends to 2030 or beyond).

2. The main driver to the extended prospective schedule is the huge amount of discovery that you apparently contemplate. I do not understand why the parties need so much discovery. The Relator presumably believes it can prove the facts summarized in the Court's Order on Motion to Dismiss, ECF No. 52 at 3-8, much of which is based on its principal's testimony. The defense presumably believes it can prove the facts summarized in your proposed Scheduling Order at 4-5, much of which will be based on the testimony of defendant's employees. The calculation of damages seems to involve a combination of federal aid paid out over the relevant period of time, less some percentage if the alleged overstatement of credit hours is proven. That would seem to be a matter of

1

math. It would seem that the government, which would be a beneficiary of any damages award, would be willing and eager to provide the information to the parties. Also, to your credit, you appear to have agreed to exchange, or have already exchanged, a great deal of information informally. Why do you need 20 or more depositions per side? Why should any deposition take more than 7 hours (if you know what you're looking for, a deposition generally should be doable in 2-4 hours). Why would it take until August 15, 2025 to serve RFP's, or December 1,2025 to serve Interrogatories?

3. I don't plan to issue an order like you proposed in ECF No. 52. It comes across as verbose lawyer talk. I am willing to include in a Scheduling Order a simple paragraph stating that if any privileged information is inadvertently produced, the receiving party will return it without retaining any copies as soon as the inadvertent production is discovered by either party.

4. Re paragraph 9(a). The Court does not anticipate additional motions to dismiss. As far as amendment of pleadings is concerned, if plaintiff still wants to pursue ECF No. 60, and after conferring the defendant disputes the motion, then the defendant should file a response. Generally under Rule 15 amendments to pleadings should be freely permitted.

5. As noted above, I do not understand why you need 10 more months of discovery. I also do not understand the dispute about when responses to discovery are due. Generally, responses are due in 30 days. I might be willing to extend that to 60 days if there is a good reason why 30 is not enough. By the way, though not something you necessarily need to include in the Scheduling Order, I request that the asking party not include definitions or instructions – just straightforward questions or requests. The responding party should not include a "general objection" or incorporate such a general instruction into each response. Nor should the responding party state an objection but add, "without waiving the objection, [responding party] states . . . ." Either provide a straightforward and complete answer or file an objection, not both.

6. Your proposed Scheduling Order does include a paragraph re the Court's practice standards in paragraph 12. I appreciate it. But I suggest that paragraph 8(e) include the following language: "The parties will not file motions or responses concerning discovery disputes. Rather, after counsel have conferred by telephone or in person, they will contact Chambers and set a telephonic hearing. If the dispute concerns responses to paper discovery (interrogatories, etc.), please provide the Court with the disputed question and responses before the hearing."

7. Re paragraph 9(c) (the second one, re dispositive motions), once again be careful to comply with the Court's practice standards regarding conferral and letters/responses re intent to file a motion for summary judgment. No MSJ will be considered if you haven't

2

    done so.  By the way, that is the only time that letters to the Court are desired or appropriate.  Use motions to ask for action by the Court.

8. Re paragraph 9(d) (the second one), I don't see why you need more than one expert per side on liability.  You possibly might need one expert per side on damages.  What else do you need, and why will it take until June 2026 to get your experts identified and reports prepared?

9. Re paragraph 9(e) and (f), I am curious as to why you want or need expert depositions if you have expert reports.  I will limit their testimony to what is disclosed in their reports.  I'm not saying you can't depose the experts, but to me it seems like a waste of time and money, and it gives the opposing expert a practice run for their trial testimony.

10. RE paragraph 10(b): Please use the following language: A final pretrial order is not required.  The Court will conduct a Trial Preparation Conference and resolve any remaining disputes concerning trial witnesses, trial exhibits, in limine issues, and jury instructions.  Proposed jury instructions should be emailed to Chambers one week before the TPC, with disputed versions of instructions paired.

11. We will set a trial date during our telephonic or video scheduling conference, so please think hard and consult with your clients about when you want a trial and why.  Once the trial date is set, it will be changed only for very good cause.

Dated: April 29, 2025