## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-00573-RBJ

UNITED STATES ex rel. FIORISCE LLC,

                         Plaintiff,

v.

PERDOCEO EDUCATION CORPORATION,
COLORADO TECHNICAL UNIVERSITY, INC.,

                         Defendants.

---

## DEFENDANT COLORADO TECHNICAL UNIVERSITY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO RELATOR'S SECOND AMENDED COMPLAINT

Comes now Defendant Colorado Technical University, Inc. ("CTU" or "Defendant") and for its Answer to Relator's Second Amended Complaint for Violations of the Federal False Claims Act, states:

### INTRODUCTION

1.      Defendant denies the allegations contained in Paragraph 1.

2.      Defendant denies the allegations contained in Paragraph 2.

3.      Paragraph 3 contains argument and legal conclusions to which no answer is required. To the extent an answer is required, Defendant admits that in 2011 the Department of Education* established a federal definition of "credit hour." Defendant states that the credit hour definition codified in 34 C.F.R. § 600.2 (2011) speaks for itself. Defendant denies any allegations

---

*Defendant notes that DOE is the acronym for the Department of Energy and the acronym for the Department of Education is ED. However, Defendant understands that Plaintiff is using DOE to represent the Department of Education in this Second Amended Complaint.

in Paragraph 3 inconsistent thereto. Defendant denies all remaining allegations contained in Paragraph 3.

4.      Defendant denies the allegations contained in Paragraph 4.

5.      Defendant denies the allegations contained in Paragraph 5.

6.      Defendant denies the allegations contained in Paragraph 6.

7.      Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7 regarding what the United States "relies on" and "would not have" done and, therefore, denies the same. Defendant denies all remaining allegations contained in Paragraph 7.

8.      Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 8 regarding Relator's actions and motivations and, therefore, denies the same. Defendant denies all remaining allegations contained in Paragraph 8.

## PARTIES

9.      Defendant denies the allegations in Paragraph 9. Relator Fiorisce LLC did not exist when the allegations in this Complaint took place, and therefore Relator cannot have firsthand knowledge of events that predate its legal existence. Further, without identification of the identity of Relator's principal, Defendant lacks sufficient knowledge and information to admit or deny any allegations contained in this Second Amended Complaint related to Relator's principal.

10.     Defendant admits that Perdoceo is a Delaware Corporation with its principal place of business in Schaumburg, Illinois. Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 10 and therefore denies the same.

11.     Defendant admits that it is wholly owned by Perdoceo. Defendant admits that it is a Colorado corporation. Defendant admits that it operates two campuses in Colorado, one in Aurora and the other in Colorado Springs, and that it operates online degree programs nationwide. Defendant admits that it offers programs in General Education, Business, Computer Science and Technology, Nursing, and Engineering, among others. Defendant denies that the "vast majority" of CTU students receive federal financial aid and states that a significant amount of CTU students do not receive any federal financial aid. Defendant states that its enrollment numbers are always in flux. Defendant denies the remaining allegations contained in Paragraph 11.

12.     Paragraph 12 contains argument and legal conclusions that do not require a response. To the extent a response is required, Defendant admits the allegations contained in Paragraph 12.

13.     Defendant admits the allegations contained in Paragraph 13.

14.     Defendant CTU admits that it maintains physical campuses and admits that more than 90 percent of its students are enrolled in fully online academic programs. Defendant admits that its online programs are asynchronous with some opportunities for synchronous interaction. Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 14 and therefore denies the same.

15.     Defendant lacks sufficient information to admit or deny whether the graduation rate for CTU was "around" 25 percent and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 15.

## JURISDICTION AND VENUE

16.    Paragraph 16 contains argument and legal conclusions that do not require a response. To the extent a response is required, Defendant admits that the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1345. Defendant denies that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1367(a).

17.    Paragraph 17 contains argument and legal conclusions that do not require a response. To the extent a response is required, Defendant CTU admits that the Court has personal jurisdiction over it pursuant to 28 U.S.C. § 3732(a).

18.    Paragraph 18 contains argument and legal conclusions that do not require a response. To the extent a response is required, Defendant CTU admits that it conducts business within this District. Defendant CTU denies that it committed any statutory violations or submitted or caused to be submitted any false claims. Defendant CTU lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 18 and therefore denies the same.

19.    Defendant denies the allegations contained in Paragraph 19.

## BACKGROUND

### I.    FEDERAL FUNDING UNDER TITLE IV OF THE HIGHER EDUCATION ACT

20.    Defendant admits the allegations in the first sentence of Paragraph 20, but Defendant denies the allegations in the second sentence of Paragraph 20.

21.    Defendant states that 20 U.S.C. § 1070(a) and 34 C.F.R. § 690.1 speak for themselves, and Defendant denies any allegations inconsistent thereto. Defendant admits that Pell Grants are not loans, and Students have no obligation to repay a Pell Grant absent unusual circumstances. Defendant further admits that for award year 2020-21, the maximum Pell Grant

award was $6,345, with the actual award amount depending on the student's cost of attendance, expected family contribution, and enrollment status. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 21 and therefore denies the same.

22.    Defendant states that 34 C.F.R. § 685.101(b)(1) speaks for itself, and Defendant denies any allegations inconsistent thereto. Defendant admits that for subsidized direct loans, the federal government is not supposed to charge interest on a student's loan while they are enrolled on at least a half-time basis and during the grace and deferment periods. Defendant denies that CTU provides substandard education and has extremely low graduation rates. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 22 and therefore denies the same.

23.    Paragraph 23 contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant admits the allegations contained in Paragraph 23.

24.    Defendant states that the Application for Approval to Participate in the Federal Student Financial Aid Programs speaks for itself. Defendant denies any allegations that are inconsistent thereto.

25.    Paragraph 25 contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant admits that a school must enter into a PPA with the DOE before receiving any Title IV funds. Defendant further admits that each PPA contains various conditions. Defendant denies the remaining allegations contained in Paragraph 25.

## II.     FEDERAL CREDIT HOUR DEFINITION

26.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 26 and therefore denies the same.

27.     Defendant admits that in 2010, DOE promulgated regulations that define a "credit hour." Defendant states that Program Integrity Issues, 75 Fed. Reg. 66832, 66946 (Oct. 29, 2010) (codified at 34 C.F.R. § 600.2 (2011)) and the 2021 revisions to 34 C.F.R. § 600.2 speak for themselves and must be read in conjunction with the entirety of the HEA regulatory scheme. Defendant denies any allegations in Paragraph 27 inconsistent thereto.

28.     Defendant states that 75 Fed. Reg. 34806, 34811 (June 18, 2010) and 75 Fed. Reg. 66844 speak for themselves and must be read in conjunction with the entirety of the HEA regulatory scheme. Defendant denies any allegations in Paragraph 28 inconsistent thereto.

29.     Defendant admits that on March 18, 2011, DOE published additional guidance on the credit hour regulations. Defendant states that U.S. Dep't of Educ., Gen-11-06, Guidance to Institutions and Accrediting Agencies Regarding a Credit Hour as Defined in Final Regulations Published on October 29, 2010, at 1 (Mar. 18, 2011) speaks for itself and must be read in conjunction with the entirety of the HEA regulatory scheme. Defendant denies any allegations in Paragraph 29 inconsistent thereto. Defendants lacks sufficient knowledge or information to admit or deny any remaining allegations in Paragraph 29 and therefore denies the same.

## III.    FEDERAL CREDIT HOURS AND ELIGIBILITY UNDER TITLE IV

30.     Defendant states that 75 Fed. Reg. 66845 speaks for itself. Defendant denies any allegations in Paragraph 30 inconsistent thereto. Paragraph 30 further contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant

admits that regulations state for-profit schools like CTU must qualify as an eligible institution providing eligible programs to participate in Title IV funding for those programs. Defendant further admits that regulations state students must be enrolled in an eligible program at an eligible institution to obtain assistance under Title IV. Defendant denies any remaining allegations contained in Paragraph 30 and, answering further, notes that the cited regulatory sections must be read in conjunction with the entirety of the HEA regulatory scheme.

31.     Defendant states that 20 U.S.C. § 1088 and 34 C.F.R. § 668.8(d)(1)(ii) speak for themselves and must be read in conjunction with the entirety of the HEA regulatory scheme. Defendant denies any allegations in Paragraph 31 inconsistent thereto. Defendant denies that schools "confirm compliance" as alleged in Paragraph 31. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 31 and therefore denies the same.

32.     Defendant states that 34 C.F.R. §§ 668.32(a)(2) and 685.200(a)(1)(I) speak for themselves, and Defendant denies any allegations inconsistent thereto. Defendant lacks sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 32 and therefore denies the same.

33.     Defendant states that 34 C.F.R. §§ 690.2, 690.62, 690.63(b) speak for themselves. Defendant denies any allegations contained in Paragraph 33 inconsistent thereto. Defendant admits that a student's enrollment status also plays a role in the amount of financial assistance they may receive under the Pell Grant Program.

34.     Defendant admits the allegations contained in Paragraph 34.

35.     Defendant lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph 35 and therefore denies the same.

## IV.    CERTIFICATIONS AND CLAIMS FOR PAYMENT UNDER TITLE IV

36.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 36 and therefore denies the same.

37.     Defendant admits the allegations contained in Paragraph 37.

38.     Defendant admits the allegations contained in Paragraph 38.

39.     Defendant admits the allegations contained in Paragraph 39.

40.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 40 and therefore denies the same.

41.     Defendant states that 34 C.F.R. § 690.61 speaks for itself. Defendant denies any allegations contained in Paragraph 41 inconsistent thereto. Defendant admits that a student's Pell Grant award is generally based on their enrollment status, the program's cost of attendance, and the student's expected family contribution. Defendant denies the remaining allegations in Paragraph 41.

42.     Defendant states that 34 C.F.R. § 685.301(a)(4), (5) and 34 C.F.R. §§ 685.200(a)(1)(i), 668.32(a)(2) speak for themselves. Defendant denies any allegations contained in Paragraph 42 inconsistent thereto. Defendant further denies that the allegations in Paragraph 42 fully or fairly describe the entirety of the student aid process.

43.     Defendant states that 34 C.F.R. § 685.301(a)(1) speaks for itself. Defendant denies any allegations contained in Paragraph 43 inconsistent thereto. Defendant admits the remaining allegations contained in Paragraph 43.

44.    Defendant admits that the "G5" system makes funds available for the school to electronically draw down. Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 44 and therefore denies the same.

45.    Defendant denies the allegation in Paragraph 45 that there is an express certification of compliance which imbeds any requirements from PPA requirements. Defendant lacks sufficient knowledge or information to admit the remaining allegations contained in Paragraph 45.

## V.    INTELLIPATH EDUCATION TECHNOLOGY

46.    Defendant admits that it uses an education technology platform called Intellipath. Intellipath contains software licensed by Realizeit. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 46 regarding Realizeit and its staff and therefore denies the same. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 46 regarding Perdoceo and therefore denies the same. Defendant denies all remaining allegations contained in Paragraph 46.

47.    Defendant admits that it has marketed Intellipath as an adaptive learning platform that provides a personalized learning path for each student. Defendant admits that Intellipath has a "Determine Knowledge" feature that can evaluate a student's prior knowledge of the material in the unit. Defendant denies the remaining allegations contained in Paragraph 47.

48.    Defendant denies the allegations contained in Paragraph 48.

49.    Defendant denies the allegations contained in Paragraph 49.

## DEFENDANTS' FRAUD IN SECURING TITLE IV FUNDING

## I.    DEFENDANTS' FAILURE TO MEET THE FEDERAL CREDIT HOUR REQUIREMENTS

50.    Defendant admits that most of its course offerings are 4 or 4.5 credit hours. Defendant denies that it has "not even come close" to providing adequate education content, or that it improperly programmed Intellipath to "skip students past large portions of [content] anyway." Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 50 and therefore denies the same.

51.    Defendant denies the allegations contained in Paragraph 51.

52.    Defendant denies the allegations contained in Paragraph 52.

53.    Defendant admits that it maintains Lesson Guides and Instructor Guides. Defendant denies the remaining allegations in Paragraph 53.

54.    Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 54 regarding "Relator's analysis" and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 54.

55.    Defendant admits that Sociology 102 is a 4.5 credit course and that University 104 is a 4.5 credit course. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 55 regarding what CTU allocated in its "credit ascription documents" for these courses and therefore denies the same. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 55 regarding how Relator supposedly calculated or accounted for content for these courses and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 55.

56.    Defendant admits it has various internal reports. Defendant denies the remaining allegations contained in Paragraph 56.

57.    Defendant denies the allegations contained in Paragraph 57.

English 104 and 105

58.     Defendant admits that English 104 and 105 are 4.5 credit hour courses. Defendant denies that course content for these courses is deficient. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 58 and therefore denies the same.

59.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 59 and therefore denies the same.

60.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 60 and therefore denies the same.

61.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 61 regarding the student breakout of English 104 2003B that allegedly shows the average time students spent on Intellipath and therefore denies the same. Defendant also further lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 61 regarding whether the unidentified student spent 6.71 hours and whether the student completed the course with an average score of 55%. Defendant denies the remaining allegations contained in Paragraph 61.

62.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 62 and therefore denies them.

University 104 and 201

63.     Defendant admits that University 104 and 201 are 4.5 credit hour courses. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 63 and therefore denies the same.

64.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 64 and therefore denies them.

65.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 65 and therefore denies them.

Math 102

66.     Defendant admits that Math 102 is a 4.5 credit course. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 66 and therefore denies the same.

67.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 67 and therefore denies the same.

History, Sociology, and Psychology

68.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 68 regarding the "average student times" in History 101 1803B, Sociology 102 2003B, and Psychology 102 1803B and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 68.

69.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 69 and therefore denies the same.

70.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 70 and therefore denies the same.

71.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 71 and therefore denies the same.

72.     Defendant states that 75 Fed. Regs. 66844-45 speak for themselves. Defendant denies any allegations contained in Paragraph 72 inconsistent thereto. Defendant lacks sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 72 and therefore denies the same.

73.     Defendant denies the allegations contained in Paragraph 73.

74.     Defendant denies the allegations contained in Paragraph 74.

## II.    DEFENDANTS' FALSIFICATION OF CREDIT ASCRIPTION DOCUMENTS

75.     Defendant denies the allegations contained in Paragraph 75.

76.     Defendant admits that in 2017, HLC conducted a mid-point review. Defendant denies the remaining allegations contained in Paragraph 76.

77.     Defendant denies the allegations contained in Paragraph 77.

78.     Defendant admits it developed a new credit ascription process. Defendant denies the remaining allegations contained in Paragraph 78.

79.     Defendant admits that the credit ascription project was assigned to CTU's then Vice Provost. Defendant admits that a team of faculty were assembled to create templates called credit ascription worksheets ("CAWs") and a handbook detailing a new credit ascription review process. Defendant admits that Dr. Troka and representatives from COGEP were part of the credit ascription process. Defendant admits that the CAW template was designed so that faculty could estimate the time commitment of each activity for the purposes of credit hour calculations. Defendant denies the remaining allegations contained in Paragraph 79.

80.     Defendant denies the allegations contained in Paragraph 80.

81.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 81 regarding what Relator was told and by whom, and therefore Defendant CTU denies the same. Defendant denies the remaining allegations contained in Paragraph 81 including those allegations contained in the footnote.

82.     Defendant lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph 82 regarding how Relator allegedly arrived at the figures for English 104 and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 82.

83.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 83 regarding what Dr. Johnson supposedly instructed faculty to do and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 83.

84.     Defendant denies the allegations contained in Paragraph 84.

III.     PERDOCEO ACTIVELY PARTICIPATED IN THE FRAUD SCHEME

85.     Defendant admits that it is wholly owned by Perdoceo. Defendant denies the remaining allegations contained in Paragraph 85.

86.     Defendant denies the allegations contained in Paragraph 86.

87.     Defendant admits that Perdoceo has an "Instructional Design" team led by Ms. Komar that included Ms. Morrison and Mr. Sheely, among others, and that, among other tasks, works with CTU regarding Intellipath's use in CTU's courses. Defendant denies the remaining allegations contained in Paragraph 87.

88.     Defendant states that any referenced documents speak for themselves, and Defendant denies any characterizations inconsistent thereto. Defendant admits that Perdoceo had systems used to monitor student progress. Defendant lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph 88 regarding what Ms. Komar "led" or what Ms. Marshal "directed" and therefore denies the same. Defendant lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph 88 regarding what the dashboard reflects and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 88.

89.     Defendant states that any referenced documents speak for themselves, and Defendant denies any characterizations inconsistent thereto. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 89 regarding someone's state of mind and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 89.

90.     Defendant states that any referenced documents speak for themselves, and Defendant denies any characterizations inconsistent thereto. Defendant admits that Ms. Komar worked with Realizeit regarding a Learning Usage. Defendant denies the remaining allegations contained in Paragraph 90.

91.     Defendant states that any referenced documents speak for themselves, and Defendant denies any characterizations inconsistent thereto. Defendant denies the remaining allegations contained in Paragraph 91.

92.     Defendant states that any referenced documents speak for themselves, and Defendant denies any characterizations inconsistent thereto. Defendant lacks sufficient knowledge

or information to admit or deny the allegation contained in Paragraph 92 regarding the time listed on this document. Defendant denies the remaining allegations contained in Paragraph 92.

93.     Defendant denies the allegations contained in Paragraph 93.

94.     Defendant states that the referenced documents speak for themselves, and Defendant denies any characterizations inconsistent thereto. Defendant denies the remaining allegations contained in Paragraph 94.

95.     Defendant states that the referenced documents and charts speak for themselves, and Defendant denies any characterizations inconsistent thereto. Defendant denies that these figures represented anything related to credit ascription or actual Intellipath times. Defendant denies the remaining allegations contained in Paragraph 95.

96.     Defendant states that the referenced documents speak for themselves, and Defendant denies any characterizations inconsistent thereto. Defendant denies that Ms. Johnson's response is accurately quoted in Paragraph 96. Defendant denies the remaining allegations contained in Paragraph 96.

97.     Defendant states that the referenced documents speak for themselves, and Defendant denies any characterizations inconsistent thereto. Defendant denies the remaining allegations contained in Paragraph 97.

## IV.    DEFENDANTS' FALSE STATEMENTS AND MISREPRESENTATIONS REGARDING COMPLIANCE WITH FEDERAL CREDIT HOUR REQUIREMENTS

98.     Defendant admits that it is required to submit an Application for Approval to Participate in the Federal Student Financial Aid Programs. Defendant further admits that following its initial certification, it re-applies for certification at least every six years. Defendant further

admits that it most recently submitted a recertification application in 2020. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 98 and therefore denies the same.

99.    Paragraph 99 contains argument and legal conclusions to which no answer is required. To the extent an answer is required, Defendant admits that in its application it identified the number of credit hours required for each program. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 99 and therefore denies the same.

100.    Paragraph 100 contains argument and legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations pertaining to it contained in Paragraph 100.

101.    Defendant denies the allegations contained in Paragraph 101.

102.    Defendant CTU admits that it entered into a PPA with DOE. Defendant CTU states that the PPA speaks for itself, and Defendant CTU denies any characterizations inconsistent thereto. Defendant CTU denies the remaining allegations contained in Paragraph 102.

103.    Defendant denies the allegations contained in Paragraph 103.

104.    Defendant denies the allegations contained in Paragraph 104.

105.    Defendant admits that in submitting claims for payment through the COD system, schools must identify a student's enrollment status. Defendant admits that federal regulations define a full-time student as taking at least 12 credit hours per term, a three-quarter time student as taking 9 credit hours per term, a half-time student as taking 6 credit hours per term, and a less

than half time student as taking less than half the workload of the minimum full-time requirement. Defendant denies the remaining allegations contained in Paragraph 105.

106.     Defendant admits that students must be enrolled at least half-time at a school that participates in the Direct Loan Program to be eligible for a Direct Loan. Defendant denies the remaining allegations contained in Paragraph 106.

107.     Defendant denies the allegations contained in Paragraph 107.

108.     Defendant denies the allegations contained in Paragraph 108.

109.     Defendant denies the allegations contained in Paragraph 109.

110.     Defendant denies the allegations contained in Paragraph 110.

111.     Defendant denies the allegations contained in Paragraph 111.

## V.     RELATOR'S EFFORTS TO REPORT AND STOP THE FRAUD

112.     Defendant admits that in or around May 2019, a Program Development Administer at CTU was working to transfer the CAWs to a database called "CourseTune." Defendant denies that the CAWs significantly overstated time spent on Intellipath for these courses. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 112 and therefore denies the same.

113.     Defendant denies that Intellipath hours were inflated. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 113 and therefore denies the same.

114.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 114 and therefore denies the same.

115.    Defendant denies that it inflated learning hours for courses with Intellipath. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 115 and therefore denies the same.

116.    Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 116 and therefore denies the same.

117.    Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 117 and therefore denies the same.

118.    Defendant denies the allegations contained in Paragraph 118.

## CLAIM FOR RELIEF

119.    Defendant incorporates by reference as though fully set forth herein Paragraphs 1-118 of its Answer.

120.    Defendant admits that Relator purports to make a claim for treble damages and penalties under 31 U.S.C. § 3729(a)(1)(A) and 31 U.S.C. § 3729(a)(1)(B). Defendant denies that Relator's claims have any merit and denies that treble damages and penalties under 31 U.S.C. § 3729(a)(1)(A) and 31 U.S.C. § 3729(a)(1)(B) are appropriate here.

121.    Defendant denies the allegations contained in Paragraph 121.

122.    Defendant denies the allegations contained in Paragraph 122.

123.    Defendant denies the allegations contained in Paragraph 123.

124.    Defendant denies the allegations contained in Paragraph 124.

## PRAYER FOR RELIEF

Defendant denies that Relator is entitled to the relief requested in the Prayer for Relief including its subparts A-I.

## JURY DEMAND

Defendant hereby demands a trial by jury.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Subject to the Answers above, and without altering any applicable burden of proof, Defendant asserts the following affirmative defenses and other defenses in response to the allegations in the Second Amended Complaint. Defendant specifically reserves all rights to amend its Answer with additional defenses and affirmative defenses that become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Relator's claims and remedies are barred in whole or in part due to the applicable statute of limitations.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Relator's Second Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted against Defendant.

## THIRD AFFIRMATIVE DEFENSE
### (Compliance with Applicable Statutes and Regulations)

Relator's claims for relief are barred in whole or in part because Defendant complied with all applicable statues and regulations of the United States.

**FOURTH AFFIRMATIVE DEFENSE**
**(Applicable Statutes and Regulations Not Sufficiently Clear)**

Relator's claims for relief are barred in whole or in part because the applicable statutes and regulations of the United States are not sufficiently clear and do not provide sufficient notice of their requirements.

**FIFTH AFFIRMATIVE DEFENSE**
**(Public Disclosure Bar)**

The claims set forth in the Second Amended Complaint are precluded by the False Claims Act's public disclosure bar because the claims, allegations, and transactions described in the Second Amended Complaint were "publicly disclosed" before the filing of the lawsuit and because Relator is not an "original source" as defined by 31 U.S.C. § 3730(c)(4)(B).

**SIXTH AFFIRMATIVE DEFENSE**
**(Government Knowledge)**

Relator's claims are barred, in whole or in part, by government knowledge. On February 1, 2023, Perdoceo and CTU representatives met with the Department of Education and Department of Justice to discuss the CID that was issued in response to Relator's lawsuit and the allegations in Relator's lawsuit. On September 1, 2023, Perdoceo sent a copy of the Amended Complaint to the Department of Education to notify them of the lawsuit and the fact that CTU was named as a defendant. With full knowledge and following an investigation of the allegations in this lawsuit, the Department of Education approved and executed CTU's Program Participation Agreement in February 2025.

## SEVENTH AFFIRMATIVE DEFENSE
### (Standing)

Relator's claims are barred in whole or in part because Relator lacks standing. Relator Fiorisce LLC originally filed this lawsuit on February 25, 2021, just twenty-two days after Relator filed its formation papers in Delaware. Because Relator did not come into legal existence until February 3, 2021, nearly ten years after the allegations in the complaint begin, Relator cannot have the direct and independent knowledge of the information on which the allegations are based to support a claim under the False Claims Act.

## EIGHTH AFFIRMATIVE DEFENSE
### (Equitable Estoppel, Unclean Hands, Laches))

Relator's claims for relief are barred in whole or in part by the doctrines of equitable estoppel, unclean hands, and laches.

## NINTH AFFIRMATIVE DEFENSE
### (Consent/Ratification)

Relator's claims are barred in whole or in part because the United States consented to and/or ratified the conduct alleged in Relator's Second Amended Complaint.

## TENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

Relator's claims are barred in whole or in part because any recovery would be an unjust enrichment.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Unconstitutionally Excessive Damages)

The portion of the Second Amended Complaint which seeks damages and/or penalties in excess of any actual damages suffered by the United States violates the Fifth and Eighth Amendments of the United States Constitution.

## TWELFTH AFFIRMATIVE DEFENSE
### (Speculative Damages)

Relator's alleged damages are speculative, uncertain, and/or contingent and are not recoverable.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Relator's claims are barred in whole or in part, due to the failure to mitigate damages, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Relator's Wrongdoing)

Any potential recovery to Relator should be reduced due to Relator's involvement in the alleged violation of section 3729 pursuant to 31 U.S.C. 3730(d)(3).

## FIFTEENTH AFFIRMATIVE DEFENSE
### (False Claims Act Unconstitutional)

Relator's claims are barred in whole or in part because the False Claims Act's *qui tam* provisions violate Article II of the United States Constitution.

## PRAYER FOR RELIEF

For these reasons, Defendant Colorado Technical University, Inc. requests that this Court deny all of Relator Fiorisce LLC's causes of actions and claims for relief, enter judgment that Relator take nothing, dismiss Relator's suit with prejudice, assess costs against Relator, and award Defendant all other relief the Court deems appropriate.

Respectfully submitted this 2nd day of June, 2025.

By: /s/ *Kyle P. Seelbach*

Martin Loring
4801 Main Street, Suite 1000
Kansas City, MO 64412
Phone: 816.983.8000
Fax:    816.983.8080
martin.loring@huschblackwell.com

Kyle P. Seelbach
Tanner Cook
8001 Forsyth Boulevard, Suite 1500
St. Louis, MO 63105
Phone: 314.480.1500
Fax:    314.480.1505
kyle.seelbach@huschblackwell.com
tanner.cook@huschblackwell.com

Jeffrey D. Whitney
1801 Wewatta Street, Suite 1000
Denver, CO 80202
Phone: 303.749.7200
Fax:    303.749.7272
Jeff.whitney@huschblackwell.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

On June 2, 2025, a copy of the foregoing was filed with the Clerk of the Court and served on counsel of record via the Court's ECF system.

/s/ *Christine Herrmann*