IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:21-cv-00573-RBJ

UNITED STATES ex rel. FIORISCE LLC,

Plaintiff/Relator,

v.

PERDOCEO EDUCATION CORPORATION,
COLORADO TECHNICAL UNIVERSITY, INC.,

Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

---

Defendants filed a Motion for Judgment on the Pleadings ("Motion"), ECF No. 141, arguing that the *qui tam* provisions of the False Claims Act ("FCA") are unconstitutional under Article II of the Constitution. Plaintiff filed a Response, ECF No. 146. Having considered the arguments, the Defendants' Motion is DENIED.

The Supreme Court decisions that defendants rely on are not binding on this Court as concurrences without majority support. Courts of appeals, including the Tenth Circuit, have consistently found that *qui tam* provisions of the FCA do not violate Article II of the U.S. Constitution. *See United States* ex rel. *Stone v.*

*Rockwell Int'l Corp.*, 282 F.3d 787, 804–07 (10th Cir. 2002); *Riley v. St. Luke's Episcopal Hosp.*, 252 F.3d 749, 753–58 (5th Cir. 2001) (en banc); *United States* ex rel. *Taxpayers Against Fraud v. General Elec. Co.*, 41 F.3d 1032, 1040–42 (6th Cir. 1994); *United States* ex rel. *Kelly v. Boeing Co.*, 9 F.3d 743, 749–59 (9th Cir. 1993), *cert. denied*, 510 U.S. 1140 (1994); *United States* ex rel. *Zafirov v. Fla. Med. Assocs., LLC*, No. 24-13581, 2026 WL 2581886, at *1 (11th Cir. Sep. 1, 2026).

I agree. Under the Appointments Clause, an Officer of the United States "must occupy a 'continuing' position established by law. *Lucia v. SEC*, 585 U.S. 237, 245 (2018). This means that the "duties" of an office "continue, though the person" occupying it may "be changed." *United States v. Maurice*, 26 F. Cas. 1211, 1214 (C.C.D. Va. 1823) (No. 15,747) (Marshall, C.J.). However, the duties of a relator in a single case, unlike that of an independent counsel at issue in *Morrison v. Olson*, 487 U.S. 654 (1988), cannot pass from one person to the next. Further, the Supreme Court has rejected that relators are vested with a unique governmental authority of bringing suits as an agent of the United States. *Vt. Agency of Nat. Res. v. United States* ex rel. *Stevens*, 529 U.S. 765 (2000). The FCA thus does not violate the Appointments Clause.

Nor do the *qui tam* provisions violate the Vesting and Take Care Clauses. The degree of governmental control over *qui tam* actions, including upfront review,

intervention for good cause, and the ability to dismiss or settle an action over the relator's objection, demonstrate that the provisions do not "expressly grant executive power to relators . . . without any prior review by or approval of the Executive." ECF No. 141 at 10. Because the relator does not exercise executive power, the constraints on the President's ability to remove a relator is not unconstitutional.

For the reasons set above, the *qui tam* provisions of the FCA do not violate Article II of the Constitution. Accordingly, the Defendants' Motion is DENIED. It is SO ORDERED.

Dated: September 16, 2026

BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge